IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIE GONZALES, JR. | § | |
|     TDCJ-CID NO. 1097528 | § | |
| V. | § | C.A. NO. C-05-296 |
| | § | |
| RONALD M. YEAGER, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, a memorandum and recommendation was issued July 12, 2006 (D.E. 6). Objections were filed July 26, 2006 (D.E. 10). After considering plaintiff's objections *de novo* plaintiff's claims are dismissed.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. On February 7, 2006, this case was reassigned to the undersigned United States Magistrate Judge for all proceedings, including the entry of final judgment.

## II. FACTUAL ALLEGATIONS

Plaintiff is currently incarcerated at the Lewis Unit in Woodville, Texas. He is suing the following defendants: Ronald M. Yeager, district judge of the 36th Judicial District Court, San Patricio County; Jerry Herrera, a Live Oak County probation officer; and Ronald E. Pretzer, plaintiff's former attorney.

Plaintiff complains that, on an unidentified date, Judge Yeager revoked his probation and sentenced him to 90 days boot camp, to be followed by placement in a Substance Abuse Felony Punishment Facility ("SAFPF"). After plaintiff completed boot camp, he was brought before Judge Yeager who ordered that he be released. The order to release, however, was actually a mistake; plaintiff's probation officer, Jerry Herrera, had in fact recommended that he be placed in a SAFPF, as originally discussed. Plaintiff tried to contact his lawyer, Randall Pretzer, but was unsuccessful in doing so.

Plaintiff was sent to a SAFPF in San Diego, Texas. After two weeks in the SAFPF, an official told plaintiff that there had been another mistake, and that he was not eligible for placement in a SAFPF. Plaintiff was placed in lock-up at the SAFPF, and, shortly thereafter, transferred to the Garza West Unit.

Plaintiff complains that he should be released from prison. He is also seeking damages against defendants in the amount of $ 450,000 for "3 1/2 years pain and suffering".

## III. DISCUSSION

**A.    Exhaustion**

Pursuant to 42 U.S.C. § 1997e(a),  "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." A prisoner must exhaust

administrative remedies for lawsuits "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see also Clifford v. Gibbs, 298 F.3d 328 (5th Cir. 2002). Exhaustion applies regardless whether the prisoner may obtain the type of relief sought in the state's administrative process. Booth v. Churner, 532 U.S. 741, 734 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). An inmate must proceed through all available steps in the institutional system. Wright, 260 F.3d at 358.

"'Dismissal under § 1997e is made on pleadings without proof.' In other words, '[a]s long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal.'" Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (per curiam) (citations omitted). Although the Fifth Circuit has taken a "strict approach" to exhaustion, certain defenses such as waiver, estoppel and equitable tolling are permitted. Days, 322 F.3d at 866. On the form complaint, plaintiff did not answer the question on exhaustion. See D.E. 1, p.2 at ¶ III. Moreover, there is no statement in his pleading suggesting that he complained to an official or filed any grievances concerning the claims he raises in his original petition. However, regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). Because plaintiff's action is dismissed for failure to state a claim, the issue of exhaustion need not be considered.

**B.     Legal Standard.**

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S.

3

42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

**C.     Analysis of plaintiff's claims.**

**1.  Conditions of confinement.**

Plaintiff alleges that defendants' failure to place him in a SAFPF amounts to a violation of his due process rights.

Although states may create liberty interests which are protected by the due process clause, these interests are generally limited to state-created regulations or statutes which affect the *quantity* of time rather than the *quality* of time served by a prisoner. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Thus, the due process clause does not protect every change in the conditions of confinement having a substantial adverse effect upon a prisoner. Id.

Plaintiff complains that his constitutional rights were violated because defendants represented that he would be placed in a SAFPF, but instead, he was placed in prison following the revocation of his parole. Insofar as plaintiff is complaining about his transfer from the SAFPF to prison, the due process clause does not endow a prisoner with a protected liberty interest in the location of his confinement. Meachum v. Fano, 427 U.S. 215, 225 (1976). Generally, there is no fourteenth amendment "liberty interest in being imprisoned at one [prison facility] rather than an[other], even if life in one is much more disagreeable than in another." Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982).

The exception to this general rule is where the state has created such an interest. See Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1980). Plaintiff, however, fails to identify any state statute providing for mandatory SAFPF placement.[1] Moreover, the fact that plaintiff is currently housed in a high security prison unit suggests that he never qualified for SAFPF placement, and that it was in fact a mistake when defendants believed he might qualify for such. Plaintiff does not allege that his placement in prison rather than a SAFPF affects the duration of his confinement, and as such, he fails to state a constitutional violation.[2]

### 2.  Claims against Judge Yeager.

Plaintiff claims that Judge Yeager made a mistake by (1) ordering that plaintiff could be released, and (2) representing that plaintiff could be assigned to a SAFPF. Even if plaintiff could establish that these misrepresentations stated a constitutional claim, Judge Yeager is entitled to absolute judicial immunity. See Ballard v. Wall, __ F.3d __, 2005 WL 1415416 (5th Cir., June 17, 2005) (even if judge acts in excess of his authority, he is still protected by judicial immunity and there is no § 1983 liability). Plaintiff fails to state a claim against Judge Yeager.

### 3.  Claims against attorney.

Plaintiff claims that his state court lawyer, Randall Pretzer, failed to notify him of the "mistake" made in Court. Plaintiff's attorney, whether court-appointed or retained, is not a state actor for purposes of 42 U.S.C. § 1983 liability. Polk County v. Dodson, 454 U.S. 312, 324-25

---

[1] Placement in a SAFPF is often a condition of placement in community supervision. Release to community supervision is within the discretion of the parole board and only as to "eligible" inmates. See Tex. Gov't Code § 499.002 (Vernon 2004).

[2] Cf. Wilkerson v. Austin, 125 S. Ct. 2384, 2005 WL 1383625 (June 13, 2005) (inmates had a protected liberty interest in not being housed in Ohio's supermax prison).

(1981); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988). Thus, plaintiff fails to state a claim upon which relief can be granted against his lawyer.

4. **Potential habeas claims.**

Plaintiff has not argued that the revocation of his parole violated due process; however, he does seek immediate release. To the extent plaintiff is seeking to challenge his current custody, he must do so in a habeas corpus proceeding, after exhausting available administrative remedies. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Kimbrell v. Cockrell, 311 F.3d 361, 362 (5th Cir. 2002).

### IV. CONCLUSION

To the extent plaintiff is challenging the revocation of his parole, his claim is dismissed without prejudice so that plaintiff may raise it in a habeas corpus action. All claims against all defendants concerning placement in prison rather than a SAFPF are dismissed with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. § 1997e(c).

ORDERED this 2nd day of March, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE